IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN ULLRICH,

        Plaintiff,

v.   No. 17cv141 JCH/WPL

ADDA MOLDT and
DAVID RIVER,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed January 30, 2017, and on his Prisoner Application to Proceed In Forma Pauperis, Doc. 2, filed January 30, 2017. For the reasons stated below, the Court will **GRANT** Plaintiff's Application to Proceed In Forma Pauperis and **DISMISS** the Complaint **without prejudice.** Plaintiff shall have 30 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.1988)*).

Plaintiff is a prisoner and seeks to proceed in District Court without prepaying fees or costs. The statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(b), provides:

> **(1)** Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> **(A)** the average monthly deposits to the prisoner's account; or
>
> **(B)** the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> **(2)** After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The filing fee for this civil complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Plaintiff submitted a financial certificate with statement of his inmate account activity which shows his inmate account balance to be "$-1.55" on January 24, 2017. *See* Doc. 2 at 3. Based on the information about Plaintiff's financial status, the Court will waive an initial partial payment pursuant to § 1915(b)(1). Plaintiff shall, beginning in May 2017, make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused. Failure to comply with this order may result in dismissal of the complaint without further notice.

**Dismissal of Complaint for Lack of Jurisdiction**

Plaintiff's claims arise from the alleged improper actions of Defendants in the disposal of Plaintiff's parents' property before and after his parents' deaths.  Plaintiff alleges this action is against Defendants, "Not Probate/Estate," that Defendants violated his Fourth and Fifth Amendment rights, and that they committed "malfeasance, nonfeasance, in general, and malum in se."  Plaintiff appears to be asserting federal civil rights claims against Defendants pursuant to 42 U.S.C. § 1983 and states:  "The Defendants are not state actors; however, they are 'Agents', and it is alleged State of New Mexico, Constitution, Statu[t]e; or Rule, Regulation, policy or procedure, creates a color of state law as that regulates the conduct of [Defendants]."  Complaint at 1.  Plaintiff's statement regarding this Court's jurisdiction states in its entirety:

> That [Plaintiff] alleges, 'after all, the federal courts will always be available', as to Interstate Diversity, and pendent jurisdiction over state matters – U.S.C.A., article III., IV., VI, etc.; Additionally, Ancillary Jurisdiction, as an Equitable Remedy, ibid., Equitable Clean-up Doctrine, applyed by unconsionability Doctrine as applied to acts and actions of the Agents [Defendants Moldt and Rivers], that affects [Plaintiff], In Personam over the Subject Matter, there-upon incorporating all Constitution(al), Statutory and Commonon Law Review.

 [sic] Complaint at 2.

Plaintiff's Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.  "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is."  Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009).  A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights.  *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005).  "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against

private actors based on a conspiracy with government actors, 'mere conclusory allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id.*  Plaintiff's allegation that Defendants' actions were regulated by state law is not sufficient to state a claim against private citizens pursuant to 42 U.S.C. § 1983.  The Court will dismiss the 42 U.S.C. § 1983 claims against Defendants for failure to state a claim.

Plaintiff's Complaint does not contain any allegations that show any other basis for federal question jurisdiction.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Although Plaintiff mentions "Interstate Diversity" in his statement regarding jurisdiction, he has not alleged sufficient facts to show that the Court has diversity jurisdiction over this matter.  *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states?").  In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  Plaintiff is a prisoner in Idaho.  The Complaint does not allege any facts regarding his citizenship or the citizenship of Defendants.  *See Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state").  Nor does he allege any facts that show the amount in controversy exceeds $75,000.00.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service of Process**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]". 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because the Court is dismissing the Complaint for lack of jurisdiction. The Court will order service if Plaintiff timely files an amended complaint which shows that the Court has jurisdiction over this matter and which includes the addresses of every defendant named in the complaint.

**IT IS ORDERED** that Plaintiff's Prisoner Application to Proceed In Forma Pauperis, Doc. 2, filed January 30, 2017, is **GRANTED**, and the initial payment is waived.

**IT IS ALSO ORDERED** that Plaintiff file, beginning in May 2017, monthly financial certificates and make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the payment should be excused.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, Doc. 1, filed January 30, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 30 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**