IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF NEW MEXICO

STEVEN ULLRICH,

       Plaintiff,

v.                                                                                CIV 17-00141 JCH/JHR

ROBERT JOHANN ULLRICH,
EVELYN GRACE ULLRICH,
ADDA MOLDT, and DAVID
RIVER,

       Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendants Adda Moldt and David River's Motion for Summary Judgment, filed on March 6, 2018 (the "Motion"). [Doc. 33]. The undersigned has reviewed the Motion and attached exhibits, Plaintiff's responsive brief to the Motion, filed on April 2, 2018 (the "Response"), [Doc. 35], and Defendant's Reply in Support of their Motion for Summary Judgment, filed on April 16, 2018 (the "Reply") [Doc. 37]. Having thoroughly considered and analyzed the parties' submissions and the relevant law, the undersigned recommends that the Court find that the Motion is well taken and should be granted.

### BACKGROUND

On January 30, 2017, Plaintiff Stephen Ullrich ("Mr. Ullrich") filed a Complaint with this Court, *pro se*, alleging that he was not properly notified of his parent's deaths, having learned of the deaths in an obituary, and that Defendants Adda Moldt and David River improperly acted as agents in his parent's estates by failing to properly distribute property. [Doc. 1 at 2-3]. Mr. Ullrich admits in his complaint that there was a prior state court case addressing these issues, but

1

claims the state court "did not liberally construe the action of SU and did not deem the issues as true as , (sic) was affirmed under oath;…that [Mr. Ullrich] was not able to cite state, (sic) case law, statu[t]e, rule, and in admonishment against [Mr. Ullrich,]…the State Court did not rule on all pleadings placed by [Mr. Ullrich], and did not make a knowledgeable, or otherwise, merits ruling." [*Id.*] Mr. Ullrich's complaint is unclear as to his actual claims, but appears to allege violations of the Fourth and Fifth Amendments of the United States Constitution, along with "malfeasance, nonfeasance, in general, and malum in se." [*Id.* at 3-4].

Mr. Ullrich filed an amended complaint after his motion to amend was granted. [Doc. 6; 7; 10]. His allegations remained essentially the same: that Defendants Adda Moldt and David River were negligent in the administration of his parent's will by improperly distributing property that should have been transferred to him. [Doc. 10 at 4-5]. Ms. Moldt and Mr. River filed their answer to the Amended Complaint on January 17, 2018. [Doc. 24]. Mr. Ullrich filed a Motion for Summary Judgment and Lien [Doc. 25] and a Motion for Order for Partial Settlement [Doc. 26] on January 22, 2018. The Court denied his motions on February 2, 2018. [Doc. 29]. After an Initial Scheduling Order was entered, [Doc. 31], on March 6, 2018, Defendants filed a Motion for Summary Judgment. [Doc. 33].

Defendants argue that: (1) the Court lacks subject-matter jurisdiction over Plaintiff's probate claims; (2) the claims are barred under the doctrines of collateral estoppel and/or res judicata; and (3) the claims are time barred under the New Mexico Trust Code, NMSA 1978, Section 46A-6-604(A). [Doc. 33 at 4-9]. On April 2, 2018, Mr. Ullrich filed his Response, in which he argues that the entire record from the state court has not been provided, and that the state court decision "did not dispose of all issues raised in this case." [Doc. 35 at 5-6]. He also asserts that the case is based on contractual claims, not in probate, so the Court may exercise its

jurisdiction. [*Id.* at 7-8]. He also argues that the "state proceeding was filed 7 weeks after father[']s passing," but that "state law does not apply to this case."

Defendants argue in their Reply that Mr. Ullrich's interpretation of his claim as a breach of contract claim instead of one based on probate is inaccurate and implausible, since he has presented no evidence of any actual contract, Defendants were not parties to the alleged contract, and even if Mr. Ullrich had brought a breach of contract claim, the statute of limitations would have expired long ago. [Doc. 37 at 3-4]. Mr. Ullrich also filed a Surreply [Doc. 43] and a Motion for Leave to Supplement Response to the Motion for Summary Judgment [Doc. 44].[1]

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 56, a party may move for summary judgment on a claim or defense, which shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). For purposes of summary judgment, a verified complaint is treated as an affidavit. *Mark v. Jackson*, No. CIV-11-426-M, 2012 WL 1035879, at *8 n. 11 (W.D. Okla. Mar. 12, 2012), *report and recommendation adopted*, No. CIV-11-426-M, 2012 WL 1035761 (W.D. Okla. Mar. 28, 2012) (citing *Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir.1988) (*per curiam*)).

---

[1] Plaintiff filed a Surreply [Doc. 43] without leave of court, as required by D.N.M. LR-CIV 7.4(b), in addition to his Motion for Leave to Supplement Response to Supplement Response to the Motion for Summary Judgment. [Doc. 44]. As such, the undersigned recommends that the Court not consider the Surreply and summarily deny Plaintiff's Motion for his failure to follow proper procedure.

When reviewing a motion for summary judgment, the Court views "'the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party.'" *Beers v. Ballard*, 248 F. App'x 988, 990 (10th Cir. 2007) (quoting *Lawmaster v. Ward,* 125 F.3d 1341, 1346 (10th Cir.1997)). However, a non-moving party who bears the burden of proof at trial on a dispositive issue "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock*, 218 F.3d at 1209 (citing *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir.1998)).

## ANALYSIS

### I. The Court has jurisdiction over the issues in Plaintiff's Complaint.

Defendants first argue that the Court should grant summary judgment in their favor because the federal court lacks subject matter jurisdiction over the matter under the "probate exception" as delineated in *Markham v. Allen*, 326 U.S. 490 (1946). [Doc. 33 at 4]. Defendants argue that "[a] fair interpretation of [Plaintiff's] allegations is that Plaintiff is asking the Court to order that his deceased parents' property be distributed to him, to invalidate the Trust and Wills, and/or to intervene in the administration of his parents' estates." [Doc. 33 at 5]. However, construing Plaintiff's Complaint liberally, as the Court must, the Court finds that Plaintiff's claims are broader than interpreted by Defendants.

Mr. Ullrich alleges that Defendants "invoke[d] the Living Trust in a wrongful or unlawful [manner], and dispos[ed] of property of [Plaintiff] in a wrongful or unlawful [manner]." Although it is unclear from the Complaint what particular claims Plaintiff's allegations fall under, this Court must afford Plaintiff's complaint a liberal construction. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and

4

*Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991). Whatever claims Mr. Ullrich's allegations comprise, the allegations clearly pertain to what he views as the improper administration of his parent's estates.

In *Marshall v. Marshall*, the Supreme Court attempted to clarify the province of the federal courts to address matters related to probate proceedings. 547 U.S. 293 (2006). The Court held, in summation, that:

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 311–12. In other words, as *Marshall* applies here, the federal court lacks jurisdiction to interfere with the probate court's proceedings, including administering Plaintiff's parent's estates and issuing any order regarding Mr. Ullrich's property that is in the probate court's custody. Therefore, to the extent that Mr. Ullrich's claims are an attempt to annul his parent's will, administer their estates, or dispose of property that is in the custody of the state probate court, they are barred under the probate exception. However, to the extent that Mr. Ullrich's claims are *in personam* claims against Defendants for their alleged improper actions related to the administration of his parent's estates, those claims may properly be heard before the federal court. *See id.* at 312 (finding that the plaintiff's claim seeking *in personam* judgment against the defendant alleging "a widely recognized tort" was proper before the federal court).

Thus, the Court may proceed over Plaintiff's claims to the extent that he is pursuing a judgment against Defendants personally for their actions related to the administration of the will.

## II.     The Case is Barred by Collateral Estoppel.

In his "Petition for a Probate Writ," filed in state probate court, Mr. Ullrich requested that the Court take an inventory of his parent's estate. *See* "Petition for a Probate Writ," D-101-PB-2011-00219, filed November 18, 2011. He requested the Court to enter an "expedited order" to prevent the disposal of his parent's property. *See* "Motion," D-101-PB-2011-00219, filed August 13, 2012. In his docketing statement to the New Mexico Court of Appeals on this case, Mr. Ullrich alleged that "[t]he Respondent disposed of Petitioner's personal property that was not part of the Estate, and parents had promised to protect, [and] Adda Moldt and David Rivers were acting under a conflict of interest, as financial agent in the amending of the will and Trust, and as a successor-Trustee of the Trust; while on the other hand making themselves a beneficiary, etc." D-101-PB-2011-00219, Docketing Statement, filed November 24, 2015.

The Court of Appeals ultimately disposed of Mr. Ullrich's appeal after a summary affirmation and hearing Plaintiff's subsequent objections. *Matter of Estate of Ullrich*, No. 35,108, 2017 WL 627286 (N.M. Ct. App. Jan. 10, 2017). The Court noted in its slip opinion that it had "pointed out that evidence was presented to the district court indicating that the estates of Petitioner's parents had no assets to distribute, and that even if they did, Petitioner was not entitled to any assets as he had been disinherited in the parents' wills." *Id.* at ¶ 2. The Court further noted that there was "evidence presented by Respondent, the trustee for parents' trusts, showing that Respondent had no knowledge of any property belonging to Petitioner that was being held by the parents on behalf of Petitioner." *Id.* Therefore, the Court of Appeals affirmed the state district court's ruling that Adda Moldt, "Trustee of the First Restatement of the Ullrich Living Trust dated August 15, 1994, has the authority to fully administer the Trust, distribute the residue of the Trust to the trust beneficiaries, and terminate the Trust." D-101-PB-2011-00219,

*In the Matter of the Estate of Robert Johann Ullrich and Evelyn Ullrich*, "Final Order," filed March 19, 2013; *see Matter of Estate of Ullrich*, No. 35,108, ¶6, 2017 WL 627286 (N.M. Ct. App. Jan. 10, 2017).

It is well established that judicial proceedings in courts within the United States have the same full faith and credit between each other. 28 U.S.C. § 1738 (1948). "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982); *see also Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002) ("In determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment.") (quoting *Rhodes v. Hannigan,* 12 F.3d 989, 991 (10th Cir.1993)). Under the doctrines of collateral estoppel and res judicata, it is "[a] fundamental precept of common-law adjudication" that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies…" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897).

The laws of the state where a prior judgment was made apply to a subsequent federal action where the issue of collateral estoppel or res judicata is raised. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("In determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment.") (applying Kansas law to the issue of res judicata raised regarding a prior Kansas state court proceeding); *see also Taylor v. Sturgell,* 553 U.S. 880, 891 n. 4 (2008) ("For judgments in diversity cases,

federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."). In New Mexico, the elements of collateral estoppel are:

(1) the party to be estopped was a party to the prior proceeding,
(2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication,
(3) the issue was actually litigated in the prior adjudication, and
(4) the issue was necessarily determined in the prior litigation.

*Shovelin v. Cent. New Mexico Elec. Co-op., Inc.*, 1993-NMSC-015, ¶ 10, 850 P.2d 996. If these elements are met, the court then determines whether the party against whom collateral estoppel is sought to be applied had a full and fair opportunity to litigate the issue in the prior court. *Id.*

In Mr. Ullrich's case, the state courts determined three issues that together act as a bar to his claims in federal court if the elements of collateral estoppel are met: (1) Mr. Ullrich's parents had no assets in their estate to distribute; (2) Mr. Ullrich would not have been entitled to any assets from his parent's estate because his parents specifically disinherited him in their will; and (3) Defendant Adda Moldt, acting as trustee for Mr. Ullrich's parent's estates, had no knowledge of any property belonging to Mr. Ullrich in his parent's possession. These findings contradict Mr. Ullrich's claim for relief based on his assertion that Defendants Adda Moldt and David River were negligent in the administration of Plaintiff's parent's will by improperly distributing property that should have been transferred to him.

Following the elements set forth in *Shovelin v. Cent. New Mexico Elec. Co-op., Inc.*, 1993-NMSC-015, ¶ 10, collateral estoppel applies to this case. The first element under *Shovelin* of whether "the party to be estopped was a party to the prior proceeding" is easily met. The party to be estopped is Mr. Ullrich, who filed the petition to participate in the prior probate action. Therefore, the party to be estopped was a party to the prior proceeding. The second element, whether "the cause of action in the case presently before the court is different from the cause of action in the prior adjudication" is also met. The prior adjudication was based on a writ filed in a

8

probate matter while this case is a civil action against the administrators of the trust brought by Mr. Ullrich. The third element of whether the issue of Mr. Ullrich's parent's estates' proper administration and distribution was actually litigated is also met, since the state court ruled that Defendant had the authority to fully administer the Trust and distribute its assets to the beneficiaries, and the Court of Appeals further determined that Mr. Ullrich was not entitled to any distribution of his parent's estate since he was disinherited, and that the trustee had no knowledge of other property of Mr. Ullrich. Finally, because Mr. Ullrich is the party who raised this issue by filing a petition as to the proper administration of his parent's estate in the probate matter, it was necessarily determined therein. All elements of the application of collateral estoppel under *Shovelin* being met, the issue of the proper administration of Plaintiff's parent's estates as to him is barred by collateral estoppel. Moreover, because Plaintiff's claims in state court were grounded on the same set of facts as those he brings in federal court, the elements of collateral estoppel are supported. *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 15, 137 P.3d 577, *as corrected* (June 29, 2006).

Finally, *Shovelin* dictates that if all the above elements are met, the analysis turns to whether the party against whom collateral estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceedings. Mr. Ullrich argues that he did not have a full and fair opportunity to litigate these issues because "the Defendants have…attempted to [deceive] this Court, by providing only a part of the judicial record;" that "Plaintiff had requested a copy of the state law…allowing for disinheritance," but was not provided a copy and the state court cited no authority supporting its decision, rendering the decision unreasonable; and that the state court decision "did not dispose of all issues raised in this case," particularly that "the foundation for disinheritance was upon a fraudulent statement…of estrangement." [*Id.* at 5-6].

9

Despite Mr. Ullrich's protests, it appears clear that he had a full and fair opportunity to present this issue to the state court. Mr. Ullrich petitioned the state trial court based on his assertion that he was entitled to a distribution of his parent's estate. He was allowed to present evidence in that proceeding to support his contention here that his disinheritance in his parents' will was somehow fraudulent. After the trial court ruled against his favor on this issue, Mr. Ullrich filed an appeal. He argued that Ms. Moldt disposed of his personal property within his parent's estate, but he presented no evidence supporting this claim. *Matter of Estate of Ullrich*, No. 35,108, 2017 WL 627286 (N.M. Ct. App. Jan. 10, 2017). He did not petition the New Mexico Supreme Court on this or any other issue. Mr. Ullrich had every opportunity to petition the state courts in the original action to fully adjudicate the issues he raises now in this civil action, but ultimately failed to present any evidence supporting his contentions.

In sum, Mr. Ullrich had a full and fair opportunity to litigate the issue in the prior proceeding, and the undersigned therefore recommends finding that he is collaterally estopped from bringing these issues in this court. Because the burden of proof was on Mr. Ullrich to prove the issues he raised in the probate proceeding, there are no countervailing equities "such as lack of prior incentive for vigorous defense, inconsistencies, lack of procedural opportunities, and inconvenience of forum [that] militate against application of the doctrine." *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 1993-NMCA-008, ¶ 14, P.2d 1086. While Mr. Ullrich argues that he was "handicapped" by his incarceration and is entitled to a liberal construction of his claim as a *pro se* party, this does not excuse him from following the rules of procedure and the Court is not obliged to act as his attorney to construct arguments, search the record, or provide him with legal authority. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the undersigned finds that collateral estoppel applies and Mr. Ullrich had a full and fair opportunity to present evidence to rebut the findings that his parents disinherited him from their will and that Defendants properly administered their estate. The Court is thus bound by the state court's ruling by the principle of collateral estoppel, and the undersigned recommends that the Court find that Mr. Ullrich is collaterally estopped from bringing his claim that was already heard by the state court court and that Defendant's Motion for Summary Judgment be GRANTED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**