IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN ULLRICH,

       Plaintiff,

v.                                                                          No. 17cv0141-JCH-JHR

ROBERT JOHANN ULLRICH,
EVELYN GRACE ULLRICH,
ADDA MOLDT and
DAVID RIVER,

       Defendants.

**<u>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT RESPONSE</u>**

This case involves a son suing his now deceased parents and their "financial agents" for allegedly improperly disposing of his inheritance and well as his own real and personal property. [Doc. 10]. The case was referred to former U.S. Magistrate Judge William P. Lynch by presiding U.S. District Judge Judith C. Herrera. [Doc. 9]. Upon Judge Lynch's retirement, he was succeeded by the undersigned, U.S. Magistrate Judge Jerry H. Ritter.

Defendants Adda Moldt and David River filed a *Motion for Summary Judgment* [Doc. 32 with memorandum Doc. 33]. Plaintiff Stephen Ullrich filed a response [Doc. 35] followed by Moldt and River's reply [Doc. 37]. Ullrich then filed a surreply [Doc. 43] without leave of court. *See* D.N.M.LR-Civ. 7.4(b) ("The filing of a surreply requires leave of the Court."). On January 11, 2019, Judge Ritter filed his *Magistrate Judge's Proposed Findings and Recommended Disposition* [Doc. 63] for consideration by Judge Herrera, subject to any objections that the parties might file under 28 U.S.C. § 636(b)(1). [Doc. 63, p. 11]. Plaintiff filed a timely objection [Doc. 64] which is now before Judge Herrera for *de novo* review.

On May 1, 2018, five days after filing his unauthorized surreply, Ullrich filed a *Motion for Permission to Supplement; [sic] Plaintiff's Responce [sic] to a Defendant's Motion for Summary Judgment* [Doc. 44], which would be properly denominated a motion to file a surreply. Defendants did not file a response. That motion has not been ruled upon, thus prompting this order.

**LAW REGARDING FILING A SURREPLY**

The Federal Rules of Civil Procedure define the form of civil motions, Fed. R. Civ. P. 7(b), but do not discuss responses and replies. The United States District Court of the District of New Mexico fills the gap with a local rule, D.N.M.LR-Civ. 7.4, *Timing of and Restrictions on Responses and Replies*. Specific to surreplies, the local rule states: "[t]he filing of a surreply requires leave of the Court." D.N.M.LR-Civ. 7.4(b). Contrary to his unauthorized filing a few days earlier, [Doc. 43], Ullrich's motion [Doc. 44] is a proper method seek leave of Court to file a surreply.

A surreply is not commonly allowed but can be useful and even necessary when a reply presents new evidence or raises new arguments. A court should not consider new issues raised for the first time in a reply brief. *See Plottner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000). Adherence to this rule has special emphasis in the context of summary judgment briefing; if a district court accepts a reply brief in support of a motion for summary judgment containing new arguments or new materials, the district court has two permissible courses of action: "It [can] either ... permit[ ] a surreply or, in granting summary judgment for the movant, it [can] refrain[ ] from relying on any new material contained in the reply brief." *Beaird v. Seagate Tech. Inc.,* 145 F.3d 1159, 1164 (10th Cir. 1998), *cert. denied,* 525 U.S. 1054 (1998); *see also Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, No. CIV 11-0103

JB/WPL, 2012 WL 1132527, at *15 (D.N.M. Mar. 22, 2012) (recognizing that a surreply is permitted when a party raises new arguments in a reply, because of the "inequity of a court considering arguments ... raised for the first time in a reply") (internal quotation marks and citation omitted).

**THE NATURE OF DEFENDANT'S REPLY BRIEF**

Ullrich states [Doc. 44, p. 2] that his proposed surreply is directed primarily at the first full paragraph on page 2 of *Defendants' Reply in Support of their Motion for Summary Judgment.* [Doc. 37]. That paragraph states in its entirety:

> For the reasons set forth in the Defendants' Motion and Memorandum for Summary Judgment, Plaintiff is precluded from proceeding in this forum. Plaintiff's Complaint must be dismissed on legal grounds, specifically based on a lack of subject matter jurisdiction, collateral estoppel and/or res judicata and the expiration of the statute of limitation. Defendants are therefore entitled to judgment in their favor as a matter of law.

In succeeding paragraphs of their reply, Defendants address particulars of Ullrich's response and argue that he failed to demonstrate a genuine issue of material fact [Doc. 37, pp. 2-3] and that his contractual claim lacks merit, *id.*, pp. 3-5. Defendants do not attach nor cite to evidence in their reply that was not part of the previous record. Their first argument, regarding lack of a genuine factual issue, is merely a critique of the sufficiency of Ullrich's response.

Defendant's second argument in their reply has four subparts: first, that Ullrich failed to present any evidence of a contract that would impose upon Defendants any obligation to Ullrich (comparing documents relied upon already by Ullrich); second, that an examination of a letter attached to Ullrich's response shows that the limitations period for contract claims already expired; third, that the statute of limitations for a claim for conversion has expired (relying upon Ullrich's 2011 state petition for a probate writ which was an exhibit to the

3

original motion for summary judgment [Doc. 33, Exh. B], and; fourth, that Ullrich's concession that "this is not a probate case" [Doc. 37, p. 5; *see also* Doc. 35, p. 8] requires Ullrich to state claims against the Defendants individually and not in any probate capacity.

## THE NATURE OF THE PROPOSED SURREPLY

Ullrich proposes by surreply to address Defendants' argument about subject matter jurisdiction as follows:

> [T]he Court has jurisdiction to allow me to speak and seek redress, Amendment 1; of substantive property rights, Amendment 4.; to include by interstate diversity, contracts, interference with inheritance, (et seq.), under Ancillary - Equitable Remedies / Relief. (…)

[Doc. 44, p. 2] (ellipsis in original).

Regarding collateral estoppel or res judicata, Ullrich's surreply states:

> cannot be based on error, N. Mex. Sup. Ct. No [] Affidavit [*sic*] was filed by [myself], [Doc. 35] pg. 20, 21. The state court would not accept my pleadings as true and unequally did so with the defendants; and I did place fact [*sic*] to support need for discovery, (etc.).

[Doc. 44, p. 2].

Ullrich's proposed surreply regarding expiration of the statute of limitations is:

> which can be construed as a request of [*sic*] Estopple [*sic*] of laches, against my claims of Remedy/Relief through the 'Equitable Clean-up Doctrine (etc. equity).

[Doc. 44, p. 3].

## ANALYSIS: WHETHER THE SURREPLY IS EITHER REQUIRED OR HELPFUL

Defendant's reply regarding their motion for summary judgment neither raises new arguments nor presents new evidence that was not part of the preceding briefing. Therefore, the Court is not required to authorize a surreply but has discretion to do so. *See Beaird,* 145 F.3d at 1163-65.

Ullrich's additional averments supporting federal subject matter jurisdiction do not assist the Court in any way. The motion for summary judgment raises jurisdictional challenges only as to whether the U.S. District Court has authority to resolve probate disputes. [Doc. 33, pp. 4-5]. This Court has proposed [Doc. 63, pp. 4-5] to construe Ullrich's pleadings as seeking tort relief for improper administration of his parents' estates, avoiding the probate exception and allowing a decision on the merits. No additional subject matter jurisdiction is required.

The briefing on collateral estoppel and res judicata allowed the Court to craft proposed findings regarding not only what was addressed and decided by the state courts, but also what evidence Ullrich presented or failed to present and his ability or lack thereof to participate in the state court process. [Doc. 63, pp. 6-10]. The statements provide in the surreply are merely cumulative of the prior record.

Ullrich's new articulation of a defense of estoppel or laches against the preclusive effect of statutes of limitation is immaterial here, as the basis of this Court's recommendation to grant summary judgment for Defendants is not expiration of any statute of limitations but collateral estoppel as his claims were previously litigated and decided in the state courts. *Id*.

Ullrich concludes his motion with: "however, the Plaintiff has used due diligence, from state court to federal court, and defendants in their 'Joint Status Report, …' 4-17-18, pg. 6, #5, witnesses or evidence has not been lost. (et seq.)" [Doc. 44, p. 3]. No new evidence or argument on these points was raised in the reply regarding summary judgment.

**CONCLUSION**

In summary, while this Court has discretion to authorize a surreply, and must do so where a reply regarding summary judgment introduces new evidence or argument that should fairly be addressed by the opponent, *Beaird*, 145 F.3d at 1163-65, those circumstances do not here exist. Under a discretionary standard, the Court sees no materiality to the proposed surreply. Therefore, Ullrich's *Motion for Permission to Supplement; [sic] Plaintiff's Responce [sic] to a Defendant's Motion for Summary Judgment* [44] should be and is denied.

**IT IS SO ORDERED.**

_____
THE HONORABLE JERRY H. RITTER
U.S. MAGISTRATE JUDGE