IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN ULLRICH,

        Plaintiff,

v.                              No. 17cv0141-JCH-JHR

ADDA MOLDT,
DAVID RIVER,
ROBERT JOHANN ULLRICH and
EVELYN GRACE ULLRICH,

        Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter, *Doc. 63*, filed January 11, 2019, and the objections of the Plaintiff, Stephen Ullrich, filed January 22, 2019. *Doc. 64*. The Court, having conducted a *de novo* review of Mr. Ullrich's objections, hereby overrules them and adopts the PFRD for the reasons set forth below.

**I)    Standard of Review**

"Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Specifically, "[d]e novo review is required when a party files timely written objections to the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995) (citation omitted). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Id.* "However, neither 28

U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" *United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "[A] party's objections to the magistrate judge's report and recommendations must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel*, 73 F.3d at 1060. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**II) Background**

Mr. Ullrich does not object to Judge Ritter's discussion of the background of this case, and this Court will not repeat those facts here except where essential to the analysis. Most basically, Mr. Ullrich's Complaint asserts that Defendants improperly disposed of his personal property and the property of his parents' estate. *See Doc. 10*. He does not state specific claims against Defendants, but seeks declaratory and injunctive relief, as well as unspecified damages. *Id.* at 8.

Defendants filed a motion for summary judgment, *Doc. 32*, and memorandum in support, *Doc. 33*, arguing *inter alia* that Mr. Ullrich's claims fail as a matter of law based on the doctrines of collateral estoppel and/or res judicata. *Doc. 33* at 5. Defendants explain that, after his parents' deaths, Mr. Ullrich filed a Petition for Probate Writ in New Mexico state court seeking an inventory

of his parents' assets and asking the court to establish oversight over their estate(s). *Id.* at 6. The state court entered a final order dismissing Mr. Ullrich's Petition on March 19, 2013. *Id.* Mr. Ullrich appealed to the New Mexico Court of Appeals, which summarily disposed of his appeal on September 23, 2016. *Id.* Defendants therefore argued that Mr. Ullrich's claims in this case must be dismissed.

Magistrate Judge Ritter entered his PFRD on January 11, 2019. *See generally Doc. 63*. Pertinent here, Judge Ritter agreed that Mr. Ullrich's claims in this case are barred by the doctrine of collateral estoppel, by virtue of the findings of the state district court and New Mexico Court of Appeals. *See id.* at 6. Specifically, Judge Ritter reasoned that, because the Court of Appeals found that Mr. Ullrich's parents' estates had no assets to distribute and that, even if they did, Mr. Ullrich was not entitled to any assets as he had been disinherited in his parents' wills, his claims asserting the negligent administration of his parents' estates were barred. *Id.* at 8.

**III)  The Objections**

Mr. Ullrich timely objected to Judge Ritter's PFRD on January 22, 2019. *See generally Doc. 64*. In his objections Mr. Ullrich admits that he brought a case before the New Mexico probate court and that a challenge to any such proceedings would be barred from review by this Court under the doctrine of collateral estoppel. *Id.* at 1. However, Mr. Ullrich argues that Judge Ritter misunderstood the nature of his claims, which, he argues, sound in contract rather than probate. *Id.* at 2. Mr. Ullrich refers to a contract that arose before his parents' 1994 will and 2005 amended will, and asks this Court to "review the contract issues; existing prior to any probate-state matters; and outside of the state probate issues." *Id.* at 4.

3

## IV) Analysis

Mr. Ullrich poses no specific objection to Judge Ritter's rationale that his claims based on the administration of his parents' estate are barred by the doctrine of collateral estoppel. In fact, he appears to agree with this proposition. As such, the Court finds that any claims based on the administration of Mr. Ullrich's parents' estate are barred based on the doctrine of collateral estoppel.

Turning to Mr. Ullrich's purported "contract claims" the Court finds that they are barred. Mr. Ullrich does not articulate contract claims in his Complaint, *see generally Doc. 10*, but alleges that they arise from contracts (not proven to be in writing) between himself and his parents. Upon their deaths in 2009 and 2011, any unperformed obligations would have become claims against the parents' estate to be brought within the probate proceeding. As such, these claims are within the scope of the collateral estoppel bar.

In addition, to the extent that any purported contract claims were based upon unwritten contracts, they would be barred by New Mexico's statute of limitations, because the latest date in Mr. Ullrich's Complaint is "2008-2011." *Doc. 10* at 7; *See* NMSA 1978, § 37-1-4 ("Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four years."). Therefore, any putative claim that Mr. Ullrich has based upon an alleged unwritten contract between himself and Defendants is barred.

## V) Conclusion

The Court concludes that Mr. Ullrich's objections must be overruled, for the reasons set forth above.

Wherefore,

IT IS HEREBY ORDERED that Mr. Ullrich's objections are overruled; the Court adopts Magistrate Judge Ritter's PFRD (*Doc. 63*); and, accordingly, grants Defendants' Motion for Summary Judgment (*Doc.* 32).

SO ORDERED.

_____
HON. JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE